IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

A&C CATALYSTS, INC.,

    Plaintiff and Counter-Defendant,    No. C 14-04122 WHA

  v.

RAYMAT MATERIALS, INC.,    **ORDER RE DOCKET NUMBER 96**

    Defendant and Counter-Plaintiff.

_____/

This order provides some background for defendant's submission at docket number 96.

A three-day bench trial occurred from December 15 through December 17. On December 15, Dr. David Dodds testified as an expert witness for plaintiff. Defendant then cross-examined Dr. Dodds at length. After Dr. Dodds' testimony had concluded, defense counsel was asked whether Dr. Dodds would be called in the defense's case. "No," said defense counsel (Dec. 15 Trial Tr. 65) (emphasis added):

| | |
|---|---|
| Plaintiff's counsel: | Your Honor, we don't wish to retain him [Dr. Dodds] for rebuttal. |
| Court: | All right. So you're free to stay — well, you're not going to call him in your case, are you? |
| *Defense counsel:* | *No, sir. No, Your Honor.* |
| Court: | All right. So you're free to stay on your own dime, so to speak. Otherwise you can go home, and we will hear no more from Dr. Dodds; right? |
| Plaintiff's counsel: | Correct, Your Honor. |
| Court: | You're free to stay in the courtroom now because you're now back to being an ordinary civilian. All right? |

| | | |
|---|---|---|
| 1 | Dr. Dodds: | Thank you, Your Honor. |

2  Dr. Dodds was excused.

3  The last day of trial (December 17), defense counsel suddenly indicated that he wanted
4  to present video clips from the deposition of Dr. Dodds. The key colloquy was as follows
5  (Dec. 17 Trial Tr. 324–26, 362–63):

| | | |
|---|---|---|
| 6 | Defense counsel: | I researched the issue. I have authority. The current view is that's called sponsored party witness. Expert — if expert is designated to testify or has testified, their opinion has to be adopted by the parties as the party opinions. So it's called sponsored witness and it's considered a party witness. |
| 10 | Court: | Show me that authority. |
| 11 | Defense counsel: | Okay. I have that. |
| 12 | * | *           * |
| 13 | Court: | . . . . The question is whether or not he [Dr. Dodds] should be deemed a party witness for the purposes of the case, and I would like to see the testimony — I'm sorry, case law that Mr. Li [defense counsel] is referring to. The record will show that Attorney Li is sitting at his chair peering at a computer screen and tapping the keyboard. He does not have the authority at his fingertips, but I will give him a few more minutes to try to find it. |
| 20 | (Pause in the proceedings.) | |
| 21 | Defense counsel: | Can I reconnect with the issue before we play this? I guarantee, Your Honor, I have the case law. Right now, it's not on my computer. |
| 23 | * | *           * |
| 24 | Defense counsel: | I have just these two video deposition witnesses. And Your Honor, I couldn't find a case right now. My proposal, Your Honor, is until we have an offer of proof, give you the transcript, and then tomorrow we file a little bench brief to show Your Honor the authority. If you overrule that, that's fine, but if you think |

United States District Court
For the Northern District of California

2

| | | |
|---|---|---|
| 1 | | that authority is persuasive, then you should deem that transcript admit. |
| 2 | | |
| 3 | Plaintiff's counsel: | Your Honor, both of these witnesses testified live.  Now, after Dr. Dodds has completed his testimony, he's been excused, he's flown home, A&C would have no chance to do redirect.  It's highly prejudicial to A&C, Your Honor. |
| 4 | | |
| 5 | | |
| 6 | Defense counsel: | It's noticed on our designation, Your Honor, on — it's noticed on our witness list. |
| 7 | | |
| 8 | Court: | All right.  The answer is we are not going to allow this deposition of the other side's expert to be played.  And under Rule 32, if I can find it here, the issue is whether or not a hired gun expert is a deposition of a party, agent, or designee, and that's got to be a party, officer, director, managing agent or other designee under Rule 30(b)(6) or 31(a)(4).  And [Rule] 31(a)(4) is about written questions and [Rule] 30(b)(6) is a corporate designee.  Now, I doubt it, but was this expert witness designated under either of those two rules? Probably not. |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | Plaintiff's counsel: | No, Your Honor. |
| 17 | Defense counsel: | They are sponsor-adopted party witness under the prevailing law. |
| 18 | | |
| 19 | Court: | All right.  You may have that point for appeal.  I disagree with that.  A hired gun expert is supposed to be an independent witness who comes in to tell the court or jury something about specialized knowledge.  They are supposed to be, although paid for their time, they are supposed to be independent.  They are not parties and officer, director or managing agent of a party, and so therefore, under Rule 32, you are not entitled to do what you're trying to do.  That's the ruling.  Your point is preserved for appeal so long as you — I recommend that you put the material you were going to try to show me in some kind of separate filing so it will be there for the Court of Appeals to review if they want to do that. |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Defendant then used up all of the remaining trial time.  The record was closed on December 17.

3

1    After the trial had concluded, on December 18, defendant filed docket number 96, relying mainly on *Glendale Federal Bank, FSB v. United States*, 39 Fed. Cl. 422, 425 (Fed. Cl. 1997). In *Glendale*, the Court of Federal Claims found that a party could be tied to the statements made by its experts, meaning that the expert's opinions could be used as an admission against the party that retained him under Federal Rule of Evidence 801(d)(2)(C). The deposition testimony of the defendants' expert (the government's expert) was allowed to be "used as admissions for any purpose on cross-examination that is relevant and within the scope of direct examination." *Id*. at 426.

Defendant's brief also cited *In re Hanford Nuclear Reservation Litigation*, 534 F.3d 986, 1016 (9th Cir. 2008), where our court of appeals found that the district court did not err in denying plaintiff's motion to exclude defendants from cross-examining plaintiff's expert based on opinions that the expert provided for the same plaintiff in a prior related trial. The expert's "testimony at the first bellwether trial was an admission of a party opponent under Federal Rule of Evidence 801(d)(2)(C)."

Defendant's reliance on *Glendale* and *Hanford* is misplaced. Here, defendant sought to play deposition testimony from Dr. Dodds (plaintiff's expert) (1) after a live cross-examination of Dr. Dodds by defense counsel; (2) after Dr. Dodds had been dismissed by both parties; (3) during defendant's case-in-chief; and (4) when plaintiff was not in a position to recall Dr. Dodds because he had been dismissed and traveled home.

Accordingly, as stated on the record, defendant's motion was **DENIED**. The pages from the deposition of Dr. Dodds appended to docket number 96 are **NOT PART OF THE TRIAL RECORD**.

**IT IS SO ORDERED.**

Dated: December 19, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

4